Rhoda THATCHER, a/k/a Rhoda Thigpen, Appellant, (Defendant Below),

v.

Chantaye Marie THATCHER, for herself and by her parent and guardian, Evelyn Prater, Appellee, (Plaintiff Below).

No. 93A02–8601–EX–39.

Court of Appeals of Indiana, Third District.

Aug. 13, 1986.

Rehearing Denied Sept. 30, 1986.

Charles H. Ireland, North Manchester, for appellant.

Leonard E. Eilbacher, Fort Wayne, for appellee.

HOFFMAN, Judge.

Defendant-appellant Rhoda Thatcher, a.k.a. Rhoda Thigpen appeals a decision by the Full Industrial Board (the Board) awarding accidental death benefits to the daughter of Rhoda's estranged husband.

The Board adopted most of the findings made by a single member. Included was a finding that Rhoda was not a presumptive dependent as defined in IND.CODE § 22–3–3–19(a) (1982).

The Board set out the evidence relevant to its opinion in a summary of the evidence and its findings of fact. Rhoda instituted dissolution proceedings against her husband, Michael Thatcher, on March 25, 1982. In July 1982, a temporary maintenance order was entered, requiring Michael to make all payments on the couple's mobile home, and to make all utility and insurance payments. Rhoda was allowed to reside in the mobile home.

The evidence further demonstrated that Rhoda and Michael had reconciled numerous times prior to his accidental injuries on December 17, 1984. Rhoda testified that Michael left on four occasions in 1984, with the last occasion being December 1, 1984. Michael had last given her money on the Friday prior to his departure.

On these facts the Board determined *inter alia* that the temporary maintenance order was for the preservation of property; that there was no evidence that Rhoda was physically or mentally incapable of supporting herself; and that Rhoda was in fact supporting herself. The Board then ordered the death benefits paid to Michael's daughter from a previous marriage, Chantaye Thatcher. This appeal ensued.

Rhoda claims entitlement to one-half of the death benefits as a presumptive dependent. The statute in question, IND. CODE § 22–3–3–19(a) states in relevant part:

"Sec. 19. The following persons are conclusively presumed to be wholly dependent for support upon a deceased employee and shall constitute the class known as presumptive dependents in section 18 of this chapter:

(a) A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time."

Because Michael had moved from the marital home at the time of the injury, which

later resulted in his death, Rhoda must demonstrate that she was a wife of a husband upon whom the laws of the state impose the obligation of her support at the time of the husband's death.

The court order requiring Michael to make payments on the mobile home, its insurance and for the utilities would appear to be a temporary maintenance award, and the Board denominated it as such. Maintenance is for the purpose of supporting the receiving spouse. *Hicks v. Fielman* (1981), Ind.App., 421 N.E.2d 716, 721. The court was empowered to order temporary maintenance to Rhoda pursuant to IND.CODE § 31–1–11.5–7 (1982). Therefore, at the time of Michael's death, the laws of the state imposed an obligation upon him to support Rhoda.[1]

Consequently, Rhoda falls within the purview of IND.CODE § 22–3–3–19(a) and is a presumptive dependent. The Board's decision is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

STATON, P.J., and GARRARD, J., concur.

---

1. In light of *Hicks, supra,* this Court need not address Chantaye's argument that the temporary maintenance order was actually for preservation of property. However, it is noteworthy that the court ordered payment of utilities which would appear to be for the purpose of support, rather than saving property from a possible foreclosure action.